895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack R. DUNGEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1482.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1990.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 The claimant in this social security case appeals from a district court judgment, entered on the recommendation of a magistrate, affirming the denial of disability and supplemental security benefits. The claimant contends that he is presumed disabled under 20 C.F.R. Secs. 404.1520(d) and 416.920(d) because he meets Impairment Listing 11.11A, 20 C.F.R. Part 404, Subpt.P, App. 1. The claimant also contests a determination that he could perform his past relevant work. Finding no basis for setting aside the agency's determination on these issues, we shall affirm the judgment of the district court.
 
 
 2
 * The plaintiff, Jack R. Dungey, was 54 years old at the time of his administrative hearing in 1987. He has a tenth grade education and he worked as an oven operator, line inspector, and vacuum capper operator. He claims to have been disabled as of May 4, 1985, due to shortness of breath, weakness in his right arm, and arthritis in his back. The shortness of breath and weakness were caused by a bout with poliomyelitis in 1952. Mr. Dungey receives a disability pension from the Veterans Administration by reason of a 1954 determination that the polio had left him with a 50% disability.
 
 
 3
 Mr. Dungey takes Capozide (a blood thinner) and Lufyllin for his breathing problem. Mr. Dungey indicated at the hearing before the administrative law judge that Lufyllin was prescribed about a year before the hearing, at a time when his breathing was beginning to deteriorate. Mr. Dungey stated he cannot tolerate "any dust of any kind or cigarette smoke, cigar smoke, pipe smoke, whatever, any kind of air pollution at all." He also testified that his breathing problem requires him "to go slowly at everything I do. If I exert myself in any way, I can't breathe."
 
 
 4
 Robert Hemphill, D.O., has treated Mr. Dungey for bronchitis since January of 1984. Dr. Hemphill diagnosed hypertension, chronic bronchitis, and status post polio with residual weakness of the extremities.
 
 
 5
 Mr. Dungey was examined by Siva Sankaran, M.D., on February 26, 1986, at the request of the Michigan Disability Determination Service. Dr. Sankaran indicated that Mr. Dungey had "restrictive airway disease of mild to moderate proportion."
 
 
 6
 For ten years before he stopped working, Mr. Dungey had worked as an oven operator. The job allowed him to sit or stand at his option and did not involve any lifting. Mr. Dungey testified that he stopped working on May 4, 1985, because the plant where he was working closed. A vocational expert classified the oven operator work as semi-skilled and sedentary, and Mr. Dungey's previous jobs as unskilled and sedentary. Based on Mr. Dungey's age, education, past work experience, and the limitations to which he had testified at the hearing, the expert indicated that Mr. Dungey could do sedentary work. In response to hypothetical questions that incorporated findings contained in the medical records, the expert testified that Mr. Dungey should be capable of performing his past relevant sedentary work. He did testify, however, that if plaintiff must avoid "temperature extremes," he would not be able to perform his past oven operator job. He could still work as a line inspector and vacuum capper operator.
 
 
 7
 On this record, the ALJ found that Mr. Dungey has hypertension, chronic bronchitis, and status post polio with residual weakness of the right extremity, but that these impairments are not equivalent to any contained in the regulatory "listing" of impairments found at 20 C.F.R. Part 404, Subpt. P, App. 1. The ALJ found further that Mr. Dungey's subjective complaints of pain and disability are not fully credible because not fully supported by the clinical medical evidence; that he is able to do work that does not involve lifting more than 20 pounds or exposure to dust and other pollutants; and that his past work as an inspector or machine operator comports with these restrictions. The ALJ concluded that Mr. Dungey had no impairment which met or equaled a listed impairment in Appendix 1 and that he could perform his past relevant work, so he was not entitled to benefits. The magistrate and the district court agreed that there was substantial evidence to support the ALJ's conclusion.
 
 II
 
 8
 The regulations presume disability under certain circumstances:
 
 
 9
 "If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience." 20 C.F.R. Secs. 404.1520(d), 416.920(d).
 
 
 10
 Mr. Dungey claims that Impairment Listing 11.11A applies to him. This listing reads thus:
 
 
 11
 "11.11 Anterior poliomyelitis. With:
 
 
 12
 A. Persistent difficulty with swallowing or breathing...."
 
 
 13
 Contrary to Mr. Dungey's assertion, the ALJ did not require that listing 3.02(A), chronic pulmonary insufficiency, be met as a condition to establishing persistent breathing difficulty; the ALJ merely considered the failure to meet listing 3.02(A) as one factor. This court need only determine, therefore, whether the determination that Mr. Dungey failed to meet listing 11.11A is supported by substantial evidence. See 42 U.S.C. Sec. 405(g). If it is, this court must uphold the determination even if there is also substantial evidence to support the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986).
 
 
 14
 Mr. Dungey undoubtedly experienced periodic breathing difficulties as a result of his polio. Nevertheless, the ALJ found that there was no "persistent" breathing condition. The magistrate and the district court accepted the dictionary definition of persistent as "existing for a long or longer than usual time or continuously; continuing without change." Webster's Ninth New Collegiate Dictionary (1984). Both concluded that Mr. Dungey's condition, which presented problems only during exertion, could properly be found not to be persistent because it was not "continuous."
 
 
 15
 Mr. Dungey counters that his breathing problems are persistent because they have existed "for a long time." It seems to us, however, that "persistent difficulty with breathing" must mean more than episodic bouts of mild breathing difficulty. There was evidence to support the conclusion that Mr. Dungey's shortness of breath occurred only upon exertion, and that the pulmonary restriction was only "mild" to "moderate." On similar facts, the United States Court of Appeals for the Fourth Circuit upheld an ALJ's finding that listing 11.11A was not met. Hamrick v. Bowen, No. 89-3215, unpublished op. (4th Cir.Aug. 9, 1989).
 
 
 16
 We might add a word about the significance of the fact that despite his condition, Mr. Dungey worked from 1952 to 1985, stopping only when his place of employment was closed. The magistrate observed that: "it would be illogical to find plaintiff per se disabled under this Listing, given that he has worked continuously from 1952 to 1985 despite his breathing problem." Yet prior work does not preclude application of a listing:
 
 
 17
 "Prior work with an impairment may, of course, be a legitimate factor for consideration. However,.... the fact that an individual has worked in the past cannot relieve the Secretary of the obligation of evaluating whether the individual may nevertheless have a severe impairment(s)." Mowery v. Heckler, 771 F.2d 966, 971 (6th Cir.1985).
 
 
 18
 Mowery does not help Mr. Dungey, however. The listing at issue there specifically allowed the consideration of mental or physical impairments "imposing additional and significant work related limitations of function." Id. at 973. The court found that although the claimant had performed heavy, unskilled work through most of his adult life, the added physical impairments, which prevented him from continuing that work, brought him within the listing's coverage. Unlike Mowery, Mr. Dungey has no new impairment that prevents him from doing his past work.
 
 
 19
 Mr. Dungey also challenges the ALJ's finding that he could perform his past relevant work. Substantial evidence supports the ALJ's conclusion. The vocational expert testified that even assuming that Mr. Dungey was fully credible (the ALJ found he was not), he could still perform his past sedentary work as an oven operator. Only if Mr. Dungey could not stand the heat, the vocational expert found, would he not be able to perform that work. The expert found that in any event Mr. Dungey could still perform his previous jobs as a line inspector or vacuum capper operator. Mr. Dungey himself admitted that he stopped working only because "The plant closed."
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation